CUTRER, Judge.
The plaintiffs, Hayward and Connie McCullers, filed a rule to show cause why the State of Louisiana, Department of Labor, Office of Employment Security (Office of Employment Security) should not be ordered to pay them unemployment compensation benefits for each week in which they were unemployed during the months of February, March, April and May of 1980, plus interest and costs. The trial court granted judgment ordering the payment of such benefits and interest for each week beginning January 14, 1980 through May 19, 1980. The Administrator of the Office of Employment Security appeals. We reverse.
The trial court set forth the events leading up to the trial of the rule to show cause as follows:

“Plaintiffs, Mr. and Mrs. Haywood McCullers, are both shrimpers who work out of the Delcambre, Louisiana area. For a variety of reasons unimportant to the resolution of this dispute, the McCul-lers formed a corporation in order to conduct their shrimping business. This corporation is a closely held corporation; Mr. and Mrs. McCullers are the sole shareholders.

“The McCullers ceased shrimping activities sometime during the late fall of 1979 and did not return to shrimping until the middle of May, 1980. The McCullers first applied for unemployment benefits with the Office of Employment Security on January 14th, 1980 at the agency’s office in New Iberia, Louisiana. This claim was denied because the McCullers were officers of a corporation. On or about February 12th, 1980, they were advised by the Office of Employment Security that they had been declared ineligible for unemployment compensation benefits. At this time they were also notified of their rights to an appeal. Accordingly, the McCullers filed a timely appeal and a hearing was afforded them before an Appeals Referee. The Appeals Referee affirmed the previous determination based on the facts that the plaintiffs were indeed officers of their own corporation. The McCullers then took the next required step by appealing to a Board of Review, which in turn affirmed the Appeals Referee on the same grounds. At this point suit was filed in accordance with the law.

“Prior to the date of the scheduled court hearing, the Office of Employment Security agreed to a stipulated judgment since they felt that the facts as proven showed that the McCullers were not working because of factors beyond their control. Thus, the original determination that they were not eligible for benefits may have been incorrect (the record is clear that for Gulf Coast shrimpers, shrimping during the winter months is a risky and unprofitable venture at best).

“In accordance with this stipulated judgment, the Court rendered a judg
*633
ment on September 9th, 1980 ordering that this ease be remanded to the Office of Employment Security for payments of all benefits to which the McCullers are otherwise entitled to by virtue of law.

“Since that time the Office of Employment Security has refused to pay to the McCullers benefits accruing from January, 1980 through May of 1980. As a result of this refusal, the instant rule was filed.

“Regulation 14 of the Revised Regulations for the Administration of the Employment Security Law, prescribed and adopted by the Administrator of the Office of Employment Security, has been in effect since March 25th, 1946. That regulation provides in pertinent part:

‘.. . . To establish eligibility for benefits . . . for weeks of total or part total unemployment during any continuous period of employment, the claimant shall continue to report in person or by mail weekly or biweekly, or at more frequent intervals, if directed by the Administrator or his representative, to the Department of Employment Security Office where he registered for work and filed his claims ... If the failure of an individual to file such a claim at the time specified is found to be without good cause or if the continued claim is not filed within the abovemen-tioned seven days, the continued claim will be disallowed.’

“After the initial denial of benefits, each subsequent notice supplied by the Office of Employment Security contained a statement to the effect that ‘If you appeal, you should continue to file claims until a final decision is rendered or you return to work.’ Other documents received by the McCullers from the Office of Employment Security directed them to ‘continue to file claims until a final decision is rendered . . .’.

“It is the position of the Office of Employment Security that at every stage of the administrative handling of this case, the McCullers were advised on the face of each form that they received that it was necessary to continue to file each week for benefits until they either returned to work or the initial claim determinations became final by the exhaustion of the administrative appeals and judicial review proceedings.

“Because of the McCullers’ failure to file weekly claims even after the Office of Employment Security determined that they were ineligible and refused to pay them, the benefits accruing throughout this period were denied. ”

The initial judgment only disposed of the question of whether plaintiffs’ status as corporate officers and stockholders would disqualify them from benefits or if they had shown that they were not working for reasons beyond their control thus retaining eligibility despite their corporate positions. That judgment, consented to by both parties, was a final termination of a judicial proceeding within the purview of LSA-R.S. 23:1634. The statute provides that following such termination of a judicial proceeding the Board of Review shall enter an order in accordance with the mandate of the court.
The plaintiffs brought this rule, apparently contending that the refusal of the Office of Employment Security to pay compensation benefits for the weeks between January 14, 1980 and May 19, 1980, contradicts the initial judgment of September 9, 1980, ordering payments of all benefits to which the plaintiffs “are otherwise entitled by law.” The determination of what were the benefits to which the plaintiffs were otherwise entitled by law involves questions not resolved in the initial judicial proceeding. The subsequent agency determination that plaintiffs are ineligible for the benefits they now seek because they never applied for those benefits should have been judicially reviewed upon an administrative record as in any appeal from the Board of Review in an unemployment compensation case.
Here the trial court took evidence, consisting primarily of the testimony of the plaintiffs. This is a violation of LSA-R.S. 23:1634 which provides that in reviewing the agency decision, the court is to take no *634 evidence. The court may order additional evidence to be taken before the Board of Review, if necessary. Melady v. Louisiana Bd. of Review, 375 So.2d 760 (La.App. 4th Cir. 1979); Houston v. Administrator of Division of Emp. Sec., 191 So.2d 167 (La.App. 3rd Cir. 1966).
However, no objection was made to the introduction of the testimony at trial and the facts are essentially undisputed. The only issues are legal. We find that a remand would serve no useful purpose and consequently we will proceed to the merits.
The defendants raise three issues on appeal:
(1) Whether the plaintiffs can collect unemployment compensation for the weeks during which their appeal of the initial determination of ineligibility was pending, where they filed no claims for such compensation;
(2) Whether the trial court’s order that the defendant pay unemployment compensation for certain specified weeks constituted an impermissible money judgment in a judicial review proceeding; and
(3) Whether legal interest was properly granted as part of the award.
Both plaintiffs and defendant admit that there has been no judicial determination of the first issue prior to this case. The trial court concluded that the requirement of continued weekly filing of claims while an appeal is pending, is unduly technical. He further found that the plaintiffs were not sufficiently apprised of the fact that the continued filing was mandatory in order to receive benefits. We disagree.
We are aware that the Unemployment Compensation Act must be construed liberally in the interest of its beneficiaries. Parker v. Gerace, 354 So.2d 1022 (La.1978), but the Administrator is given express authority to prescribe regulations governing claims for benefits. LSA-R.S. 23:1622. An individual is eligible to receive benefits only if he has made a claim in accordance with such regulations. LSA-R.S. 23:1600.
The Office of Employment Security must have an effective means of monitoring the claimant’s eligibility on a contemporaneous basis. To be eligible for benefits a claimant must meet a number of requirements under LSA-R.S. 23:1600 and also must not fall within any of the causes for disqualification under LSA-R.S. 23:1601. If a claimant is allowed to forego making weekly claims, while an appeal is pending regarding one requirement for eligibility, it may be impossible for the agency to make an effective retroactive evaluation as to whether the plaintiff met other eligibility requirements during that time period. We find the requirement of continued filing of weekly claims is reasonable and necessary in light of the purposes of the Act.
It is undisputed that the plaintiffs knew they were to continue to file claims on a weekly basis while their appeal was pending. The trial court’s finding that the filing was at no time made mandatory but rather was “. . . couched in permissive terms” is erroneous. The information booklet given the plaintiffs explicitly states that unemployment compensation is paid on the basis of eligibility from week to week. It also states in a simple imperative statement:

“If you appeal, continue to file claims until a final decision is rendered.”

It is difficult to see how the requirement could have been more plainly stated. We do not think that the plaintiffs were entitled to simply disregard the requirement because they found that filing the claims was inconvenient.
Plaintiffs also argue that their not filing claims is a sort of affirmative defense and having not been pled prior to the original judgment, cannot now be raised. This contention is without merit. To accept plaintiffs’ position would mean that any time a claimant appealed an initial determination that he was not entitled to benefits, he would, if ultimately successful, be entitled to benefits for the entire time consumed in reaching a final resolution regardless of whether claimant lost his eligibility or became disqualified for other reasons during the appeal proceedings. Furthermore, the requirement, that a claim be made for any *635 benefits sought, is not a defense but an essential element of the claimant’s initial eligibility.
Since we find that the plaintiffs are not entitled to unemployment compensation benefits we do not reach the, remaining issues.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. Costs of the trial court and this appeal to be paid by plaintiffs-appellees.
REVERSED; SET ASIDE AND RENDERED.