Dear Mr. Flory:
Your opinion request asked the following question with regard to that portion of Louisiana Unemployment Security law found at La. R.S.23:1601(1)(2) (10).
 A claimant quits or is discharged from employment. He immediately works elsewhere and loses the new job through no fault of his own; then; he files a claim for unemployment insurance benefits. Is this claimant qualifying for benefits or requalifying for benefits?
The pertinent parts of the statute in question R.S. 23:1601 (1) (2) read as follows:
 An individual shall be disqualified for benefits:
 (1)(a) If the administrator finds that he has left his employment from a base period or subsequent employer without good cause attributable to a substantial change made to the employment by the employer. Such disqualification shall continue until such time as the claimant can requalify by demonstrating that he:
 (i) Has been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance law of any other state or the United States equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying separation occurred.
 (ii) Has not left his last work under disqualifying circumstances.
 (b) Furthermore, upon requalification, such claimant's benefits as computed pursuant to the provisions of R.S. 23:1592 and R.S. 23:1595, shall be discounted by fifty percent for the remainder of his benefit year.
 The question and problem presented is as follows:
If a worker leaves his base period employer under disqualifying circumstances such as his choice to take a higher paying job and is subsequently discharged from the second job through no fault of is own (qualifying circumstances) he then, if the second job is judged a requalification for benefits, will have his benefit reduced by 50% for the rest of his benefit year.
It is the opinion of this office that R.S. 23:1601(1)(b) must be interpreted as a qualification for benefits upon meeting the requirements of 1601 (1)(a)(i) and that the workers' benefits should not be reduced by 50% under these circumstances. To do otherwise, and hold that the new job results in a requalification with its' attendant 50% reduction in benefits upon termination, would, in our opinion, render that section of the statute unconstitutional as violative of the equal protection clauses in the state and United States constitutions, See La. Const. Art. I Section 3, U.S.C.A. Constitution Amendment 14. The requalification reading would result in creating a class of workers (those who leave employment for a better job) that is treated differently and less favorably than workers who stay on the job. In that there is no classification of individuals by race, religion, birth, age, sex, culture, physical condition or political ideas but on another basis, our constitution demands that the courts decline enforcement of a statute whenever a member of the disadvantaged class shows that the classification does not suitably further an appropriate state interest. Sibley v. Board of Supervisors, 477 So.2d 1094 (La. 1985), Pierre v. Administration Louisiana Office of Employment Section, 553 So.2d 442 (La. 1989). We find no appropriate state interest in treating workers who have worked at one job for 10 years and choose to leave to seek better employment less advantageously than workers who have barely worked the minimum amount needed to obtain initial coverage. Though not discussed herein, it is our opinion that a fundamental right, the liberty interest in pursuing a different or better job is impacted by the punitive nature of the "requalification" interpretation. Any alleged state interest in preventing "job hopping" is inadequate to support the punitive effect of R.S. 23:1601 (1)(b) and its 50%. reduction in benefits.
It is also our opinion that the base period employer should not suffer an adverse consequence from an employee leaving under disqualifying circumstances, therefore a base period employer who files a timely protest should receive a non-charge. Amounts non-charged should be recouped as a social charge to all employers in accordance with La. R.S. 23:1553(D).
The next section of the statute in your request is R.S. 23:1601(2)(a) which reads as follows:
 (2)(a) If the administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment. Misconduct means mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, dishonesty, wrongdoing, violation of a law, or violation of a policy or rule adopted to insure orderly work or the safety of others. Such disqualification shall continue until such time as the claimant can requalify by demonstrating that he:
The remaining portions of (2)(a) are the same as (1) and present the same problem: if worker leaves under these disqualifying circumstances, which amount to misconduct connected with employment then [qualifies or requalifies] by subsequent work must he suffer a 50% reduction in benefits.
Again, we reach the same result, the work at the new job is a qualification for benefits not a re-qualification so the 50% reduction is not applicable.
While there may be an appropriate state interest in punishing those guilty of misconduct, the same unacceptable result obtains in this statute if the interpretation determines a "requalification". For example, a worker works one year at job A and is fired for misconduct and, of course, is disqualified for benefits. He then secures new employment and works at same for 10 years with a spotless record; the firm goes out of business and he is laid off under qualifying circumstances, must he now suffer a 50% reduction in his benefits. We think not. The legitimate state interest in punishing misconduct is satisfied by the initial disqualification. To have that disqualification follow the worker ad infinitum is unacceptable. We find that the same non-charge and social charge principals set forth in the analysis of 23:1601(1) apply.
The final statutory section pertinent to your inquiry is R.S.23:1601(10)(a). This section of the statute deals with discharge of an employee and disqualification for benefits because of drug use. Here again there is a legitimate state interest in proscribing drug use in the work place and in all places. That interest is served by the disqualification for benefits upon separation. We do not believe that it is served by mandating a 50% reduction upon the worker again becoming entitled to benefits upon gaining new employment.
In this case, the discharged person, already punished by the disqualification for benefits upon the drug related discharge, may have rehabilitated himself, then worked successfully for 10 years at a new job from which he is laid off through no fault of his own only to find his unemployment benefits reduced 50% upon a so-called requalification. Again, he is treated in a less favorable manner than a newly qualified person. In our opinion the law should not be interpreted in this manner.
The same non-charge and social charge principles as stated above apply again.
In summary, it is our opinion that under R.S. 23:1601(1) a person qualifying for benefits after a disqualifying separation should not suffer a 50% reduction in benefits for the benefit year. After he has earned the statutory minimum amount in his new job he should be treated as any newly covered employee.
Trusting the above is helpful to your inquiry, we remain,
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
JMR:rjh 0433e