Dear Ms. Weston:
You have requested the opinion of this office regarding the legality of individual schools conducting fundraisers to provide funds for instructional materials for students, and the legality of charging students fees to cover the costs of additional materials of instruction and classroom equipment. Furthermore, you ask whether any constitutional issues are raised either by the potential inequities which may result because some schools have a greater capacity to generate funds, due to the socioeconomic level of their students and community, or the fact that instructional fees vary from school to school or from classroom to classroom.
Addressing the issue of individual school fundraisers to provide funds for instructional materials for students, it is the opinion of this office that school fund raising is within the parameters of those activities which may be regulated by local school boards and individual school principals.
Both the state constitution and Title 17 of the Revised Statutes provide for free textbooks and materials to be used by public school students. Article 8, Section 13(A) of the Louisiana Constitution (1974) provides:
 The legislature shall appropriate funds to supply free school books and other materials of instruction prescribed by the State Board of Elementary and Secondary Education to the children of this state at the elementary and secondary levels.
LSA-R.S. 17:351 provides as well that:
 The State Board of Elementary and Secondary Education shall prescribe and adopt school books and other materials of instruction, which it shall supply without charge to the children of this state at the elementary and secondary levels out of funds appropriated therefor by the legislature in accordance with the requirements of Article VIII, Section 13(A) of the Constitution.
Neither of these provisions explicitly limits the materials which may be used by the school children of this state to those which are mandated by BESE and provided free of charge by the state. Thus, if a school chooses to utilize additional instructional materials, it may hold fundraisers in order to raise money to defray the costs of such materials.
You also express concern as to the method by which the additional materials in question may be funded by the individual schools. While no statute explicitly mandates or authorizes individual schools to carry on fundraising activities, implicit authority can be found in several statutory provisions within Title 17. LSA-R.S. 17:414.3 provides in pertinent part:
 A. The principal of every public elementary and secondary school shall maintain a school fund as provided for in this Section for the management of any money which accrues to benefit his school. The money provided by the state or the city or parish school system for support of the regular instructional program or the school facility shall not be included in the school fund provided for in this Section.
LSA-R.S. 17:414.3 further provides for the keeping of separate records or ledgers for deposits into the school fund account derived from, among other sources, school organization fundraisers and monies raised in a school wide effort for a specific purpose.
By mandating that a school fund be established to manage funds generated by individual schools through various means, other than funds provided by the state or the city or parish school system, the legislature has implicitly authorized individual schools, among other things, to hold fundraising events, so long as the funds are managed in accordance with LSA-R.S. 17:414.3.
In addition to the duties imposed on the individual school principals with regard to the management of such funds, LSA-R.S.17:414.1 provides that:
 The principal appointed by the parish or city school board for each public elementary and secondary school shall serve, under the overall direction of the parish or city superintendent of schools, as the administrative officer of the school to which he is assigned . . . [and] shall have administrative responsibility for the direction and supervision of the personnel and activities and the administration of the affairs of that school.
This office has previously stated that parish school boards, as regulators of the functions that take place within the school system under LSA-R.S. 17:81, may set up their own guidelines for fundraising activities. Op. Atty. Gen. No. 89-589. Therefore, under the above cited authority, individual schools may conduct fundraising activities to purchase additional materials for students to supplement those provided by the state. However, such activities must be conducted under the direction and supervision of the school principals, as agents of the school boards, and the funds generated by such activities must be managed in accordance with the provisions of LSA-R.S.17:414.3.
As to any disparities in the socioeconomic levels of the various communities in which school fundraisers are held, this factor cannot be controlled by the school's administration and any resulting inequalities should not have any bearing on the legality of such fundraising events. As long as the state provides textbooks and materials to students as required by the state constitution, individual schools may raise funds to provide additional and supplemental materials to their students, provided that fundraising activities are under the direction of the individual school principals as the agents of the school boards, and the funds are managed through a separate school fund as statutorily required.
Additionally, you have expressed concern over the practice by some schools and teachers of requiring their students to pay fees to cover the costs of textbooks and equipment related to classroom activities, especially in those instances where the fees vary from classroom to classroom and from school to school. Under LSA-R.S. 17:414.1, previously cited, and LSA-R.S. 17:81, individual teachers do not have the authority to impose fees for textbooks and other materials on their students without the approval of the school's principal and the city or parish school board. LSA-R.S. 17:81(C) provides:
 Each city or parish school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper.
As has already been stated, the school principal appointed by the city or parish school board has the administrative responsibility for the direction and supervision of the administrative affairs of an individual school. Therefore, the school principal, and school board under the power granted in R.S. 17:81, must approve the imposition of any materials and equipment fees on students in a particular course.
With regard to the issue you raise as to the constitutionality of such fees, it is doubtful that some variation in the amount of fees from classroom to classroom and school to school would be found in and of itself violative of the educational guaranties of the state constitution or the equal protection guaranties of the state and federal constitutions. The United States Supreme Court has declared that education is not a "fundamental right" for purposes of constitutional analysis and, therefore, educational programs are subject only to a "mere rationality" test. San Antonio Independent School District v. Rodriguez, 93 S.Ct. 1278,411 U.S. 1, 36 L.Ed.2d 16 (1973). In other words, there need only be a rational relationship between the questioned action and any legitimate state purpose. Pierre v. Administrator, Louisiana Office of Employment Security, 553 So.2d 442 (La. 1989).
Therefore, the imposition of fees on students enrolled in certain courses should bear a rational relationship to the purposes of the state in educating its children in certain academic areas. A typical example of the fees in question would be a "lab fee" for biology and other science courses. It is reasonable to impose this type of fee on students enrolled in such courses to supplement the materials which the state is already required to provide, so long as such fees are not excessive, arbitrary, or bear no rational relationship to the educational goal of the particular course.
In summary, individual schools may legally engage in activities designed to raise funds to purchase textbooks and other instructional materials, without regard to the socioeconomic standing of the community within which the school is situated. Further, students may be charged reasonable fees from school to school and from classroom to classroom to cover costs related to educational activities in furtherance of the goals of the particular course.
I hope that this has sufficiently answered your questions. If you require any further assistance, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Assistant Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC/pb/0736l