KING, Judge.
The issue presented by this appeal is whether or not the trial court imposed an excessive sentence on defendant.
On November 9, 1987, James Ronald Townley, Jr. (hereinafter defendant) was charged by the State with one count of simple burglary, in violation of La.R.S. 14:62, and one count of simple criminal damage to property of a value of over $500.00, in violation of La.R.S. 14:56. Defendant pled not guilty and was tried and convicted by a jury. After conviction the State filed a bill of information charging defendant as a habitual offender, and sought to have him sentenced as a second offender. After a sentencing hearing defendant was found to be a habitual offender and was sentenced to serve a term of eight years at hard labor on the charge of simple burglary and a term of two years at hard labor on the charge of simple criminal damage to property, with the sentences to run concurrently. Defendant appeals, contending that the trial court erred in imposing an excessive sentence. We affirm the sentence of the trial court.
FACTS
Defendant was charged by the State with the crimes of simple burglary, a violation of La.R.S. 14:62 and simple criminal damage to property of a value of over $500.00, a violation of La.R.S. 14:56. Defendant pled not guilty and was tried and convicted by a jury of both crimes. On March 9, 1988, the State filed a bill of information, citing defendant's felony convictions, and charged the defendant as a habitual offender, and sought to have him sentenced as a second offender.[1] A habitual offender and sentencing hearing was held by the trial court. Evidence was introduced proving the defendant’s prior felony convictions. After the hearing, defendant was sentenced to serve eight years at hard labor on the charge of simple burglary and to serve two years at hard labor on the charge of simple criminal damage to property, with the sentences to run concurrently. Defendant appeals, contending that the trial court erred in imposing an excessive sentence upon defendant.
LAW
For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980); State v. Simon, 520 So.2d 1044 (La.App. 3 Cir.1987), writ den., 521 So.2d 1184 (La.1988). Although the sentencing court is given wide discretion, it does not possess unbridled discretion to impose a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Simon, supra.
Defendant was charged as a habitual offender under the habitual offender law, La.R.S. 15:529.1. This law provides in pertinent part:
“A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(1) If the second felony is such that upon a first conviction the offender *1286 would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction;”
Defendant was convicted of simple burglary, a violation of La.R.S. 14:62, and simple criminal damage to property, a violation of La.R.S. 14:56. La.R.S. 14:62 provides for a sentence of not more than a $2,000.00 fine and imprisonment, with or without hard labor, for not more than twelve years, or both. La.R.S. 14:56 provides for a sentence of not more than a $1,000.00 fine and imprisonment, with or without hard labor, for not more than two years or both where the damage amounts to $500.00 but less than $50,000.00. The defendant could have been sentenced, even without any enhancement of sentence as a multiple offender, to serve a maximum of fourteen years and to pay fines of $3,000.00. Defendant was sentenced to serve eight years at hard labor for simple burglary and two years at hard labor for simple criminal damage to property, with the sentences running concurrently. It should be noted that each of these sentences fall within the parameters of La. R.S.-14:56 and 14:62 even without the use of the sentencing enhancement provided by La.R.S. 15:529.1, the habitual offender statute.
The trial court did consider the possible sentencing choices under the habitual offender statute at the time of sentencing defendant as shown by the following statements of the trial judge made at the time of sentencing:
“THE COURT: The burglary conviction in this case under the habitual offender statute requires the sentence of four to twenty-four years.
DEFENDANT: Yes, sir.
THE COURT: And the criminal damage from eight months to four years....”
Defendant contends that the sentence imposed is excessive. We disagree.
Convictions on more than one count entered on the same date should be treated as one conviction for applying the habitual offender statute. State v. Scherer, 411 So.2d 1050 (La.1982) and the cases cited therein; State v. Lambert, 475 So.2d 791 (La.App. 3 Cir.1985). The application of this principle requires that any one of the two counts of this conviction, either for simple burglary or for simple criminal damage to property, could have been enhanced by sentencing the defendant under the habitual offender bill. The record does not reflect that the trial judge enhanced either the sentence for the simple burglary conviction or the sentence for the simple criminal damage to property conviction. In fact, the sentence imposed does not exceed the statutory maximum sentence for either crime even without enhancement of sentence as a habitual offender.
We do not find that either the eight year sentence at hard labor for the simple burglary conviction or the two year sentence at hard labor for the simple criminal damage to property conviction is constitutionally excessive. Considering the fact that the habitual offender statute would permit the imposition of a total maximum sentence of twenty-six years for these two convictions, which could be a sentence of twenty-four years on the simple burglary conviction, with the sentence enhancement as a habitual offender, and a sentence of two years on the criminal damage to property conviction, without any enhancement under the principle explained in the Scherer case, the defendant’s sentence is quite lenient. The sentence is not so grossly disproportionate to the severity of the offense, considering the defendant’s prior felony conviction, as to shock our sense of justice. For these reasons, we affirm the sentence of the trial court.
AFFIRMED.

. The prior felony convictions were on May 11, 1984 and were for three counts of simple burglary, a violation of La.R.S. 14:62, and for one count of simple burglary of a pharmacy, a violation of La.R.S. 14:62.1.