FITZSIMMONS, Judge.
Plaintiff, Eddie Oliver, appealed to the district court the denial of his application for a beer and liquor permit by defendant, the Louisiana Department of Public Safety and Corrections, Office of Alcohol Beverage Control (ABC). The district court reversed the denial of the permit. ABC appealed. We affirm.
In the case before us, the suit for a beer and liquor permit, the district court found that the only issue to be resolved was the distance between the premises to be licensed, Oliver’s Restaurant and Lounge, and a public playground. After reviewing the record of the previous suit between the same parties over the denial of a beer permit renewal, the district court found that the same issue had been decided in the earlier suit. In the first suit, the representatives of ABC stipulated that the distance between the premises to be licensed and the playground was more than 300 feet. Based in part on that stipulation, the trial court in the first suit overturned the denial of the beer permit.
Neither the playground nor the premises to be licensed had been moved since the first suit. Thus, the district court in the instant case found that the issue was res judicata. Because relitigation of the distance issue was barred by the doctrine of res judicata, the district court reversed the denial of the beer and liquor permit.
Under the applicable local and state law for beer permits and liquor permits, if the premises to be licensed are within three hundred feet of a public playground, the permit must be denied. No mention is made of public parks. The distance is to be measured “as a person walks” from the “nearest *572 point of the property line of the ... playground” to “the nearest point of the premises to be licensed.” See La.R.S.26:281(C)(1) and similar local ordinance.
|8The playground was located in the northeast portion of a public park. ABC argued that if the distance was measured from the nearest point of the property line of the public park, instead of the playground portion, the distance was less than 300 feet. Mr. Oliver asserted that the distance between the premises and the playground had been decided in the earlier suit over the denial of the beer permit renewal. Therefore, the issue of distance was res judicata and any relitigation of that issue was barred.
Effective January 1, 1991, the legislature amended the article governing res judicata and adopted the principle of issue preclusion. La.R.S. 13:4231, comment (b). La.R.S. 13:4231(3) provides that: “A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.” (emphasis added.) The legislature found the civil law definition of res judicata too narrow and specifically amended the statute “to fully implement the purpose of res judicata which is to foster judicial efficiency and also to protect the defendant from multiple law suits.” La.R.S. 13:4231, comment (a). The adoption of issue preclusion, a principle heretofore rejected by our civilian system, was seen by the legislature as serving “the interests of judicial economy by preventing relit-igation of the same issue between the same parties.” La.R.S. 13:4231, comment (b).
A thorough review of the record clearly supports the district court’s finding that, in this second suit between the parties, the issue of distance was res judicata. At the hearing on the beer permit conducted by the first trial court, the representative of ABC testified that the distance between the premises to be licensed and the playground had been measured by ABC and was more than 800 feet. In a written stipulation, the parties agreed that the denial of the beer permit on the basis of Insufficient distance was in error. Thus, the distance between the restaurant and the playground was at issue in the beer permit litigation and was the basis for the trial court’s decision. Both suits were filed after January 1,1991.
ABC asks that an exception to the doctrine of res judicata be made in this case. ABC cites an exception to the bar of res judicata allowed by La.R.S. 13:4232. Alternatively, ABC asks that an exception be created to allow another measurement and prohibit Mr. Oliver from defying the law.
Section 4232 excepts only subsequent actions by -plaintiffs. It has no application to the issue preclusion directed against the defendant in question here. ABC cited no law requiring measurement from the nearest property point of the public park containing a public playground or new statutory or case law mandating a new method of measurement issued after the judgment in the beer permit renewal case. Under the circumstances of this case, we can find no basis for creating an “interests of justice” exception to the clear wording of section 4231(3). If ABC wanted to argue that the measurement should be made from the point nearest the property line of the public park, rather than the playground portion of the park, that argument should have been raised in the earlier suit. ABC should not have stipulated to the distance, if the method of measurement was unclear. The purpose of issue preclusion is to avoid the very problem before us: the continual relitigation of an issue based on theories argued after final judgment.
For these reasons, we affirm the judgment of the district court, in all respects. The costs of the appeal, $840, are assessed to ABC.
AFFIRMED.