715 So.2d 150 (1998)
James R. TOWNLEY
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al.
No. 97 CA 1648.
Court of Appeal of Louisiana, First Circuit.
June 29, 1998.
James R. Townley, DeQuincy, Plaintiff/Appellant, in pro. per.
William Kline, Baton Rouge, for Defendant/Appellee La. Dept. of Public Safety and Corrections.
*151 Before FOIL, WHIPPLE and KUHN, JJ.
WHIPPLE, Judge.
In this appeal, James R. Townley, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("the Department") at Phelps Correctional Center, challenges the trial court's judgment, maintaining the Department's exception of res judicata and dismissing Townley's suit with prejudice. For the following reasons, we affirm in part, reverse in part and remand.

PROCEDURAL HISTORY
On March 2, 1988, Townley was convicted of one count of simple burglary in violation of LSA-R.S. 14:62 and one count of simple criminal damage to property in violation of LSA-R.S. 14:56. After a habitual offender hearing, Townley was found to be a habitual offender and was sentenced to serve eight years at hard labor on the charge of simple burglary and two years at hard labor on the charge of simple criminal damage to property, with the sentences to run concurrently.[1] Each of these sentences fell within the parameters for sentencing even without the use of the sentencing enhancement provided by LSA-R.S. 15:529.1, the habitual offender statute. State v. Townley, 539 So.2d 1284, 1285-1286 (La.App. 3rd Cir.1989); see also State v. Townley, 94-1002, pp. 1-2 (La.App. 3rd Cir. 5/3/95), 657 So.2d 129, 131, writ denied, 95-2371 (La.1/26/96), 666 So.2d 669.
On January 13, 1992, Townley filed a request for relief pursuant to the Corrections Administrative Remedy Procedure, averring that his master prison record incorrectly reflected that he had been sentenced as a habitual offender pursuant to LSA-R.S. 15:529.1, resulting in a denial of diminution of sentence for good behavior ("good time"). Townley was denied relief at all three steps of the administrative procedure.
Thereafter, on or about April 1, 1992, Townley instituted suit in the Nineteenth Judicial District Court, bearing docket number 379,809, seeking review of the Department's decision, pursuant to the procedures set forth in LSA-R.S. 15:1177(A). The case was tried with submission of briefs to the trial court, which adopted the recommendation of Commissioner Allen J. Bergeron, Jr., of the Nineteenth Judicial District Court. In his recommendation, the Commissioner stated that by operation of law, diminution of sentence is a prerogative for only the Department, not the trial court. Accordingly, the Commissioner recommended that Townley's suit be dismissed with prejudice.
From the trial court judgment rendered in accordance with the Commissioner's recommendation, Townley appealed. In an unpublished opinion, this court affirmed the judgment of the trial court, likewise adopting the reasons of the Commissioner. Townley v. Louisiana Department of Corrections State of Louisiana, 93-1276, 636 So.2d 643 (La. App. 1st Cir. 3/24/94) (unpublished opinion).
As to the proceedings currently before us, on October 8, 1996, Townley filed a petition in the Nineteenth Judicial District Court styled as a "Petition for Writ of Habeas Corpus." Through his original and supplementing petitions, Townley alleged that he was entitled to immediate release because: (1) the Department can not lawfully withhold diminution of sentence for good behavior to an inmate who has not been sentenced as a habitual offender; (2) the withholding of good time credits by the Department deprives him of his liberty without due process of law, in violation of the Fourteenth Amendment of the United States Constitution; and (3) LSA-R.S. 15:571.3(C)(1) creates an unequal distinction between habitual offenders in violation of the United States and Louisiana Constitution in that inmates convicted of a second felony enumerated in subparagraph (C)(1), but who are not sentenced as habitual offenders, are not prohibited from earning good time credits, whereas inmates who have been sentenced as habitual offenders for one of the felonies enumerated in (C)(1) are prohibited from earning good time credits.
*152 In response to Townley's petition, the Department filed a peremptory exception raising the objection of res judicata, averring that Townley had previously raised the same argument in suit number 379,809, that the trial court had rendered judgment against Townley in that matter, and that this court had affirmed the trial court's judgment on appeal.
Commissioner Rachel P. Morgan recommended that the exception of res judicata be maintained. She concluded that although Townley had styled his petition as a petition for writ of habeas corpus, LSA-R.S. 15:1171(B) of the Corrections Administrative Remedy Procedure specifically applies to time computations even though urged as a writ of habeas corpus. Thus, the Commissioner concluded, the matter was in fact a request for review of Townley's request for administrative remedy procedure. She further concluded that Townley's underlying complaint was that, although he is in fact a habitual offender, he was not sentenced by the trial court in accordance with LSA-R.S. 15:529.1, and, therefore, should be entitled to earn good time credits. Commissioner Morgan concluded that this issue had been previously ruled upon by the court, which judgment was affirmed on appeal, and that Townley could not escape the application of res judicata simply by changing the label he attached to his petition.
The trial court adopted the Commissioner's recommendation, and by judgment dated May 28, 1997, dismissed Townley's suit with prejudice. From this judgment, Townley appeals, averring that the trial court erred in: (1) converting the habeas corpus action into a judicial review, (2) applying res judicata to habeas corpus proceedings, (3) maintaining the exception of res judicata as to claims two and three which had not been previously litigated, and (4) strictly applying the doctrine of res judicata when the interests of justice outweigh such a strict application.

DISCUSSION
Effective January 1, 1991, the legislature amended the article governing res judicata (LSA-C.C.P. art. 1061) and adopted the principle of issue preclusion. LSA-R.S. 13:4231, comment (b). Subsection (3) of LSA-R.S. 13:4231 provides that: "A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment." The adoption of issue preclusion, a principle heretofore rejected by our civilian system, was seen by the legislature as serving "the interests of judicial economy by preventing relitigation of the same issue between same parties." LSA-R.S. 13:4231, comment (b); Oliver v. Department of Public Safety and Corrections, 95-1232, p. 3 (La App. 1st Cir. 2/23/96), 669 So.2d 570, 572, writ denied, 96-1041 (La.5/31/96), 674 So.2d 262.
With regard to post-conviction habeas corpus matters, LSA-C.Cr.P. art. 354 provides, in pertinent part, as follows:
The court to which the application is presented shall immediately grant a writ of habeas corpus, unless it appears by the petition itself or by the documents annexed to it that the person in custody is not entitled to be set at liberty....
As noted by our Supreme Court in State ex rel. Barksdale v. Dees, 252 La. 434, 446-448, 211 So.2d 318, 323-323 (1968), 28 U.S.C. §§ 2244 and 2254 reject the doctrine of res judicata with regard to federal writs of habeas corpus. However, these sections do recognize as a bar to the granting of the federal writ of habeas corpus: (1) prior adjudication of the ground, (2) abuse of the writ by failure to assert the ground earlier, and (3) prior full, fair, and adequate hearing and determination of the factual dispute. Thus, the Supreme Court determined that it need not delineate the precise rules to govern our courts in this regard, since even under the federal rules, a petitioner, through a writ of habeas corpus, is not entitled to relitigate issues which have previously been disposed of after an adequate hearing and determination of the factual dispute or issues which may be determined on the record as a matter of law. State ex rel. Barksdale, 252 La. at 447-448, 211 So.2d at 323.
Thus, whether Townley's claims are actually review of an administrative remedy *153 procedure or truly post-conviction habeas corpus claims, he is not entitled to relitigate issues where there has been a previous determination of the factual dispute. Clearly, with regard to Townley's first claim, i.e., that the Department is without authority to deny him good time credits because he was not sentenced as a habitual offender, this issue has been passed upon on the merits by the trial court and this court in his previous suit for review of the administrative remedy procedure. We find a complete factual determination was made of Townley's contentions with regard to this claim in the previous suit. See State ex rel. Barksdale, 252 La. at 452, 211 So.2d at 325. Thus, we find no error in the trial court's dismissal of this claim.
Moreover, with regard to Townley's second claim, i.e., that the Department's denial of good time credits to him deprives him of due process of law in violation of the Fourteenth Amendment of the United States Constitution, the Louisiana Supreme Court has previously held that the award of good time is not a federal constitutional right. Rather, it is a matter of state law, the purpose of which is to serve as a disciplinary tool for prison officials. State v. Hallal, 351 So.2d 97, 99 (La.1977); McCormick v. Hunt, 328 So.2d 140, 143 (La.1976). Thus, Townley's claim of a federal due process violation is an issue which may be determined on the record as a matter of law, in accordance with the principles set forth by the Supreme Court in State ex rel. Barksdale, 252 La. at 447-448, 211 So.2d at 323. Therefore, we likewise find no error by the trial court in dismissing Townley's second claim.
However, regarding Townley's third claim, i.e., that LSA-R.S. 15:571.3(C)(1) creates an unequal distinction between habitual offenders in violation of the United States and Louisiana Constitution in that inmates convicted of a second felony enumerated in subparagraph (C)(1), but who are not sentenced as a habitual offender, are not prohibited from earning good time credits, whereas inmates who have been sentenced as a habitual offender for one of the felonies enumerated in (C)(1) are prohibited from earning good time credits, we conclude that this issue was not determined in his previous suit, nor may it be determined on the record as a matter of law. Therefore, with regard to Townley's equal protection argument only, we find that the trial court erred in maintaining the Department's exception of res judicata and dismissing this claim with prejudice.

CONCLUSION
For the above and foregoing reasons, the portion of the trial court's judgment dismissing James R. Townley's first and second claims with prejudice is affirmed. Inasmuch as the judgment also dismissed Townley's claim of violation of equal protection, the judgment is reversed. This matter is remanded to the trial court for further proceedings consistent with the views expressed herein.
Assessment of costs are pretermitted, pending further proceedings on remand.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] Townley had previously been convicted of one count of simple burglary of a pharmacy in violation of LSA-R.S. 14:62.1 and three counts of simple burglary in violation of LSA-R.S. 14:62 on May 11, 1984. State v. Townley, 539 So.2d 1284, 1285 n. 1 (La.App. 3rd Cir.1989).