351 So.2d 97 (1977)
STATE of Louisiana
v.
Robert HALLAL.
No. 59459.
Supreme Court of Louisiana.
October 10, 1977.
*98 L. Howard McCurdy, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Timothy W. Cerniglia, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Robert Hallal was charged with the armed robbery of an employee of McKenzie's Bakery located on Elysian Fields and Robert E. Lee in New Orleans. After a jury trial, a verdict of guilty as charged was returned. Pursuant to R.S. 15:529.1, the trial court found Hallal to be a habitual offender, and sentenced him to fifty years at hard labor without benefit of parole or probation and without diminution of sentence for good behavior, in accordance with the provisions of R.S. 15:571.3. On appeal defendant relies on two assignments of error.
Assignment of Error No. 1
Defendant contends that the trial court erred in denying his motion for a new trial which was based on the allegation of error in denying a motion to continue.
The motion to continue, filed at the commencement of trial, alleged, among other things, that two witnesses were absent who were vital to the defense.
The robbery occurred about dark on July 1, 1975. Between 12:00 and 1:00 p.m. on July 4, the victim of the robbery, Marilyn Dick, again saw the robber at a Lil General Store a few blocks from the scene of the robbery. Miss Dick testified: "I was pulling out of a parking lot, at the Lil General Store, he was pulling in. I went back in to be sure it was the same man and it was. I got scared and did not know what to do so I went home and called Deborah, (an employee of McKenzie's, and the other eyewitness to the robbery) and I told her I saw him and she called the police."
Two witnesses testified on behalf of the defendant Debbie McQuillis and Linda Hallal. Debbie was the defendant's girl friend, with whom he was living in July. Their apartment was not over a couple of blocks from the Lil General Store. Neither knew the whereabouts of the defendant at the time of the robbery, but both testified that they were with him at the apartment where he and Debbie McQuillis lived between 12:00 and 1:00 p.m. on July 4, and that the defendant did not leave the apartment at the time when the victim testified that she saw him at the Lil General Store. The two "missing witnesses," whose absence was the basis of the motion for continuance and the motion for recess, were *99 Rickey McQuillis and Sheryl Brown. Rickey was the brother of Debbie McQuillis and Sheryl was his girl friend.
The record does not disclose the importance of the identification of July 4. The information that the victim identified the defendant was relayed to the police; the effect of the identification is not disclosed. The next chronological step in the proceedings, as presented in the record, was a visit by the police to the victim's house on August 12, 1975. The police showed a photograph of six men, and Miss Dick identified the picture of the defendant as the perpetrator of the robbery. Presumably, this identification resulted in the filing of the bill of information against the defendant on September 4.
Defendant argues that the testimony of the absent witnesses would tend to weaken the identification testimony of the two eyewitnesses to the robbery, by proving that the victim must have been mistaken in her contention that she saw the defendant between 12:00 and 1:00 o'clock on July 4 at the Lil General Store.
The argument is tenuous. The record does not disclose that the motions for continuance or to recess were seriously made or argued. The written motion does contain the names of the two missing witnesses. The defendant's girl friend, in her testimony near the close of the trial, stated that her brother Rickey McQuillis was "probably at my house now," and that Rickey's girl friend Sheryl was "now at Mississippi-Southern Railway Co." The record shows no effort to subpoena the two witnesses, who were easily available if wanted by defendant.
The assignment is without merit.
Assignment of Error No. 2
Defendant alleges the trial court erred in granting the State's motion to deny the defendant the advantage of earning good time under R.S. 15:571.3(C) which provides, in pertinent part:
"No inmate in the custody of the Louisiana Department of Corrections who has been convicted one or more times under the laws of this state of . . . armed or simple robbery . . . and who has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1 shall be entitled to diminution of sentence for good behavior under this Part, if so ordered by the sentencing court."
Defendant first argues that this provision deprives him of freedom without due process of law in that the discretionary element of this statute allows arbitrary application by the trial judge and provides potential for abuse. This court has previously recognized that the award of good time is not a federal constitutional right. It is rather a matter of State law, the purpose of which is to serve as a disciplinary tool for prison officials. McCormick v. Hunt, 328 So.2d 140 (La.1976). Furthermore, the discretion afforded the sentencing judge is typical of criminal statutes that allow the sentence to be fixed within a range of years. One example is the armed robbery statute with which defendant was initially charged, the sentencing provision of which provides:
"Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years . . ." R.S. 14:64(B).
Defendant further alleges that the effect of the denial of good time increases defendant's sentence by one-third over the majority of inmates who are granted good time, and thus would constitute cruel and unusual punishment. The multiple offender statute, R.S. 15:529.1, under which defendant was sentenced, has been held repeatedly not to impose cruel and unusual punishment. State v. Linkletter, 345 So.2d 452 (La.1977); State v. Williams, 326 So.2d 815 (La.1976). There is no merit to the contention that R.S. 15:571.3(C) violates either Art. 1, § 20 of the Louisiana Constitution of 1974 or the Eighth Amendment to the Federal Constitution.
For the reasons assigned, the conviction and sentence are affirmed.