WALTZER, Judge.
Everett Virgil was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. At pre-trial hearings, the trial court found probable cause and denied the Motion to Suppress the Identification. A twelve-member jury found him guilty as charged. The defendant was sentenced un *149 der R.S. 15:529.1 as a second offender to serve sixty years at hard labor without benefit of parole, probation, or suspension of sentence. He now appeals, arguing that the trial court erred in denying the appellant’s motion to quash the multiple bill and in finding the defendant to be a multiple offender.
At trial Gerald Edwards testified that on August 11, 1992, about 7:30 A.M., he was walking to a bus stop near the corner of Whitney Avenue and General DeGaulle Drive when a man approached, pointed a gun at him, and demanded his money as well as the bag he was carrying. Edwards handed over $150 and the bag containing tennis shoes and two shirts. After the robbery, Edwards walked back into the Fischer Project, and as he approached his sister’s apartment, he saw his assailant again. At that time the robber fired three or four shots at him. Edwards entered his sister’s apartment, told his family what had happened, called the police, and then he and his brother-in-law went out to look for his assailant. Edwards saw him on the third-floor balcony of an apartment in the front of the project. Several days later when the police showed him a photographic lineup, Edwards identified the appellant as the man who robbed him at gunpoint.
The defense argues that the trial court erred in not denying the Motion to Quash and in finding the appellant to be a multiple offender in that R.S. 15:529.1, the multiple offender statute, is invalid because it violates the constitutional provisions regarding separation of powers, due process and equal protection.
The Louisiana Constitution divides the State’s government into three separate branches: legislative, executive, and judicial. La. Const. Art. 2, § 2. This division creates in the judicial branch powers with which the legislative and executive branches shall not interfere. The appellant argues that the multiple offender statute as written, and as interpreted by this Court in State v. McFarland, 578 So.2d 1014 (La.App. 4th Cir.1991), and State v. Dean, 588 So.2d 708 (La.App. 4th Cir.1991), violates the doctrine of separation of powers because the district attorney, as part of the executive branch, has sole discretion to determine whether a defendant will be sentenced as a multiple offender.
Recently the Supreme Court addressed this issue in State v. Dorthey, 623 So.2d 1276 (La.1993), and held:
[T]he provisions of 15:529.1 do not violate Louisiana’s constitutional separation of powers. By imposing certain habitual offender statuses and corresponding penalties, the Legislature has merely established a procedure which enables a district attorney to seek and the courts to exact more severe sentences on defendants who repeatedly violate the criminal laws. The Legislature has acted within its constitutional authority which allows it to determine and define a crime and provide its penalty. It has not delegated any of its duties to the judicial or executive branches, nor has it usurped the judiciary’s discretion in sentencing a defendant, (p. 6).
The Court found no separation of powers violation and reversed the judgment of the district court which had held that R.S. 15:529.1 was unconstitutional.
Accordingly, for reasons stated above, the appellant’s conviction and sentence are affirmed.
AFFIRMED.