657 So.2d 1058 (1995)
Doyle WHITTINGTON
v.
Richard WALL, Warden.
No. CA 94 2226.
Court of Appeal of Louisiana, First Circuit.
June 23, 1995.
*1059 Doyle Whittington, in pro. per.
Patricia Jones and Robert L. Odinet, Attorney General's Office, Baton Rouge, for defendant-appellee.
Before FOIL, WHIPPLE and KUHN, JJ.
WHIPPLE, Judge.
The issue in this appeal is the constitutionality of LSA-R.S. 15:571.3(C). For the following reasons, we affirm the trial court's dismissal of plaintiff's suit with prejudice.

PROCEDURAL HISTORY
This appeal arises from a suit filed by plaintiff, Doyle Whittington, a prisoner in the custody of the Department of Public Safety and Corrections, against Richard Wall, Warden of Avoyelles Correctional Center. In the petition, plaintiff alleges that he is serving an eight year sentence for simple burglary and that pursuant to LSA-R.S. 15:529.1, he was sentenced as an habitual offender, with prior convictions for felony theft and simple robbery.[1] As a result, plaintiff is ineligible to earn diminution of his sentence for good behavior, or "good time," under LSA-R.S. 15:571.3(C). Plaintiff contends that LSA-R.S. 15:571.3(C) violates Article 1, Sections 2, 3 and 20 of the Louisiana Constitution and the 8th and 14th Amendments of the United States Constitution, depriving him of the equal protection of the laws and causing him *1060 to suffer cruel and unusual punishment.[2] Plaintiff's argument is essentially that there are other prisoners who have committed more serious crimes than he but because their "more serious crimes" do not fall within the list of enumerated crimes under LSA-R.S. 15:571.3(C), they are not denied good time credits. As a result, plaintiff contends that he has been unlawfully denied 1,437 days of good time credits toward his sentence.
These claims were asserted at a hearing before a Commissioner.[3] On April 29, 1994, in accordance with the Commissioner's recommendation, the trial court dismissed plaintiff's suit. Plaintiff appeals.

EQUAL PROTECTION[4]
At the time of plaintiff's last crime, conviction and sentence, LSA-R.S. 15:571.3(C) provided:
C. Diminution of sentence shall not be allowed an inmate in the custody of the Department of Corrections if:
(1) The inmate has been convicted one or more times under the laws of this state of any one or more of the following crimes:
(a) First degree murder.
(b) Second degree murder.
(c) Manslaughter.
(d) Aggravated battery.
(e) Aggravated rape.
(f) Forcible rape.
(g) Simple rape.
(h) Aggravated kidnapping.
(i) Aggravated burglary.
(j) Simple burglary.
(k) Armed robbery.
(l) Simple robbery.
(m) A violation of R.S. 14:67 which is a felony.
(n) A violation of R.S. 14:95 which is a felony.
(o) A violation of R.S. 14:95.1 which is a felony.
(p) a violation of Chapter 9 of Title 40 of the Louisiana Revised Statutes of 1950 ... which is a felony.
(q) A violation of the Louisiana Controlled Dangerous Substances Law ... which is a felony; or
(r) Any felony which is defined as an attempt to commit one of the crimes enumerated in (a) through (q) herein, and
(2) The inmate has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1, and
(3) The inmate's last conviction for the purposes of the Habitual Offender Law, was for a crime: (a) Committed during the period beginning September 16, 1975 through September 9, 1977, inclusive of both dates, and the sentence of the court specifically denies eligibility for diminution of sentence, or (b) committed on or after September 10, 1977.[5]
Plaintiff contends that the statute violates the constitutional guarantee of equal protection of the law because inmates convicted of certain enumerated crimes and sentenced as *1061 habitual offenders under LSA-R.S. 15:529.1 cannot receive diminution of sentence for good behavior, while inmates convicted of other more serious crimes not included in the statute and sentenced as habitual offenders are not denied good time.
Plaintiff argues that while LSA-R.S. 15:571.3(C) prohibiting the awarding of good time to certain habitual offenders may have been constitutional when first enacted, it has since become unconstitutional with the enactment of legislation creating other serious crimes, which crimes have not been added to the list enumerated in subsection C.
We initially note that any distinction of which plaintiff complains has been lessened by the fact that LSA-R.S. 15:571.3 was amended by Acts 1994, Nos. 149 and 150 to now include many of the crimes cited by plaintiff as being just as or more serious than those originally enumerated. In particular, new subparagraph (C)(1)(q) was added to include "[a]ny crime of violence as defined by LSA-R.S. 14:2(13)" and new subparagraph (C)(4) was added to include incest and certain crimes against juveniles. Also, subparagraph (D) was amended to include, in addition to crimes committed while the inmate was under the jurisdiction of the department or placed on probation as a juvenile, any offense which is "a second offense crime of violence as defined by R.S. 14:2(13)."[6]
Nevertheless, we shall address plaintiff's claim that he is being deprived of unequal protection of the laws. The equal protection provisions of the state and federal constitutions do not require absolute equality or precisely equal advantages. Ross v. Moffitt, 417 U.S. 600, 610, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341 (1974); McCormick v. Hunt, 328 So.2d 140, 142 (La.1976).
The equal protection clause of the United States Constitution allows states considerable leeway to enact legislation that may appear to affect similarly situated people differently and legislatures are assumed to have acted constitutionally. Clements v. Fashing, 457 U.S. 957, 962, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508 (1982). Absent a "suspect class" of persons or a "fundamental right," classifications are set aside only if they are based solely on reasons totally unrelated to the pursuit of the state's goals and only if no grounds can be conceived to justify them. Clements, 457 U.S. at 962, 102 S.Ct. at 2843.
The award of good time is not a federal constitutional right. Rather, it is a matter of state law, the purpose of which is to encourage discipline. State v. Hallal, 351 So.2d 97, 99 (La.1977); McCormick, 328 So.2d at 143. Additionally, plaintiff has not alleged nor is he a member of a suspect class. McGinnis v. Royster, 410 U.S. 263, 268, 93 S.Ct. 1055, 1059, 35 L.Ed.2d 282 (1973). Therefore, if a rational basis exists for the differentiation as alleged by plaintiff, there is no equal protection violation under the federal constitution.[7]
*1062 The Louisiana Supreme Court has articulated three types of legislative classifications of individuals and the standard of review and the burden of proof applicable to each under Article I, Section 3 of the Louisiana Constitution. Pierre v. Administrator, Louisiana Office of Employment Security, 553 So.2d 442, 447 (La.1989); Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094, 1107-1108 (La.1985) (on rehearing). In the instant case, the law in question does not classify individuals by race or religious beliefs, nor does it classify persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations. Therefore, plaintiff must show that the law does not suitably further any appropriate state interest. Sibley, 477 So.2d at 1107-1108. Where no suspect class or fundamental right is involved, the standard of review under the Louisiana and United States Constitutions is essentially the same; i.e., the legislative classification must be rationally related to a legitimate state purpose. Pierre, 553 So.2d at 447.
Applying the rational relationship standard to this case, we find that a rational basis exists for the classification of crimes under LSA-R.S. 15:571.3(C) denying an habitual offender eligibility for good time. The legislature could have reasonably determined that certain crimes committed by repeat offenders are more harmful to society than other crimes, even though the crimes may be somewhat similar. Moreover, because the statute addresses inmates convicted of the more harmful crimes and repeat offenders, the statute is rationally related to the legitimate state interest in denying good time credits to some offenders in order to prevent their early release.
We also find no merit to plaintiff's claim that the statute is unconstitutional because the legislature did not "keep up" by amendment to incorporate new crimes into LSA-R.S. 15:571.3(C). The equal protection clause does not require a state to choose between attacking every aspect of a problem or not attacking the problem at all. It is enough that the state's action be rationally based and free from invidious discrimination. Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 1162, 25 L.Ed.2d 491 (1970). A state may take one step at a time in addressing phases of problems as long as the line drawn by the state is rationally supportable. Schwegmann Giant Super Markets v. Edwards, 552 So.2d 1241, 1247 (La.App. 1st Cir.1989), writ denied, 556 So.2d 1280 (La. 1990), cert. denied, 496 U.S. 938, 110 S.Ct. 3217, 110 L.Ed.2d 665 (1990).
As the challenged classification rationally promotes the legitimate desire of the state to prevent the early release of serious repeat offenders, we find no merit to plaintiff's claim that the equal protection clauses of the state and federal constitutions are offended by LSA-R.S. 15:571.3(C).

CRUEL AND UNUSUAL PUNISHMENT
Although plaintiff argues he is not challenging his eight year sentence as excessive, he contends that because he is denied good time credit and other similarly situated inmates are not, he has been subjected to purposeless and needless imposition of pain and suffering. Additionally, he claims his denial of good time credit is "unusual" in that other prisoners are not denied good time for allegedly similar or more serious crimes.
*1063 Plaintiff's argument is essentially a continuation of his argument that he has been denied equal protection of the laws, which we have already held to be without merit. Nevertheless, we also find no violation of plaintiff's rights under Article I, Section 20 of the Louisiana Constitution and the 8th Amendment of the United States Constitution.
A punishment is excessive and unconstitutional if it makes no reasonable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering, or is grossly out of proportion to the severity of the crime. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993).
In the instant case, the denial of good time to plaintiff was neither purposeless and needless nor grossly out of proportion to the severity of the crime. Plaintiff was convicted of three crimes, all of which were considered serious enough to be included in LSA-R.S. 15:571.3(C). For his last offense of simple burglary, plaintiff could have been sentenced to twelve years on a first conviction.[8] Instead, he was sentenced to eight years.
As the Louisiana Supreme Court has previously determined, denying good time under LSA-R.S. 15:571.3(C) violates neither Article 1, Section 20 of the Louisiana Constitution nor the Eighth Amendment to the U.S. Constitution. Hallal, 351 So.2d at 99. Plaintiff's assignment of error lacks merit.

CONCLUSION
For these reasons, we affirm the judgment of the trial court at plaintiff's costs. See Gibson v. Barnes, 597 So.2d 176, 178 (La. App. 1st Cir.1992).
AFFIRMED.
NOTES
[1] Plaintiff's lawsuit was originally filed as an application or petition for post-conviction relief, but as his only contention is the unconstitutionality of LSA-R.S. 15:571.3(C), the petition has been correctly treated as a civil action.
[2] We further note that although the Attorney General's Office represented defendant herein, no separate answer was filed on behalf of the Attorney General in response to plaintiff's petition to have LSA-R.S. 15:571.3(C) declared unconstitutional.
[3] The Department of Corrections initially filed a motion to dismiss for plaintiff's failure to exhaust administrative remedies. The motion was heard and denied based upon the recommendation of a Commissioner, who found that the Administrative Remedy Procedures are not applicable because the relief sought (i.e., a declaration of the statute's unconstitutionality) is beyond the scope and authority of the Department of Corrections' personnel administering the Administrative Remedy Procedures.
[4] Plaintiff presents no argument on appeal with regard to denial of due process under Article 1, Section 2 of the Louisiana Constitution and the 8th Amendment of the U.S. Constitution, and these claims are, therefore, considered abandoned.
[5] Although the record does not clearly establish the exact date plaintiff committed the offense of simple burglary, it can be discerned from the record that plaintiff pled guilty and was sentenced on November 6, 1991. It is undisputed, however, that this is the appropriate version of the statute applicable to plaintiff herein.
[6] LSA-R.S. 14:2(13) provides:

(13) "Crime of violence" means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. The following enumerated offenses are included as "crimes of violence":
(a) Solicitation for murder
(b) First degree murder
(c) Second degree murder
(d) Manslaughter
(e) Aggravated battery
(f) Second degree battery
(g) Aggravated assault
(h) Mingling harmful substances
(i) Aggravated rape
(j) Forcible rape
(k) Simple rape
(l) Sexual battery
(m) Aggravated sexual battery
(n) Oral sexual battery
(o) Aggravated oral sexual battery
(p) Intentional exposure to AIDS virus
(q) Aggravated kidnapping
(r) Second degree kidnapping
(s) Simple kidnapping
(t) Aggravated arson
(u) Aggravated criminal damage to property
(v) Aggravated burglary
(w) Armed robbery
(x) First degree robbery
(y) Simple robbery
(z) Purse snatching
(aa) Extortion
(bb) Assault by drive-by shooting
(cc) Aggravated crime against nature
(dd) Carjacking
[7] While McGinnis did not expressly hold that inmates are not members of a suspect class, the Court applied the rational basis test to a prisoner's attack on the New York good time statute thereby recognizing that the multiple legislative groupings and classifications of prisoners do not constitute the type of class requiring a strict scrutiny analysis. The Court specifically noted that the lower court had correctly concluded that only a rational basis was required to sustain other prisoner legislation regarding parole eligibility. McGinnis, 93 S.Ct. at 1059.

A "suspect class" has been defined by the Supreme Court as a class traditionally "saddled with such disabilities, or subjected to such a history of purposeful unequal treatments, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process." San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 28, 93 S.Ct. 1278, 1294, 36 L.Ed.2d 16 (1973). Examples would include classifications such as those based on race, sex or ancestry, which are not at issue here. In Moss v. Clark, 886 F.2d 686, 689-90 (4th Cir.1989); Pryor v. Brennan, 914 F.2d 921, 923 (7th Cir. 1990); Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991); and Thornton v. Hunt, 852 F.2d 526, 527 (11th Cir.1988), the federal courts have specifically held that inmates are not a suspect class.
[8] LSA-R.S. 14:62 provides:

Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.