[gMARVIN, Chief Judge.
Plaintiff appeals the trial court’s dismissal of his declaratory action seeking determination that La. R.S. 23:1021(10)(d) is unconstitutionally discriminatory to private employees paid on the basis of unit, piecework or commission. We affirm.
FACTS
Gary Backest, an employee on commission as a salesman for Service Tool Company, Inc., was apparently injured in the course and scope of his employment. He sought workers’ compensation in the form of supplemental earnings benefits. The issue before the OWC concerned proper calculation of the plaintiffs average weekly wage under La. R.S. 23:1021(10)(d).
While the claim for benefits was pending in the Office of Workers’ Compensation, the plaintiff filed this claim in the district court claiming the statute concerning the calculation of the average weekly wage discriminates unconstitutionally against him as an employee paid on a commission basis. He named as defendants the Louisiana Workers’ Compensation Corporation and the State of Louisiana, through the Attorney General.
The Attorney General filed an exception of no cause of action, contending the state is statutorily required only to be notified of the claim of unconstitutionality and not a party to such a suit, and an exception of lack of subject matter jurisdiction, based on the premise that the Office of Workers’ Compensation has exclusive jurisdiction over all workers’ compensation matters, including constitutionality of the Louisiana workers’ compensation statute.
The LWCC and the plaintiff filed cross motions for summary judgment on the issue of the constitutionality of La. R.S. 23:1021(10). The trial court denied the state’s exception of lack of subject matter jurisdiction and granted the [ ^exception of no cause of action, dismissing the suit as against the state. The court granted the LWCC’s motion for summary judgment and denied the plaintiffs motion, finding the statutory classification complained of by plaintiff is rationally related to a legitimate government interest. Plaintiff appeals the granting of the motion for summary judgment in favor of LWCC.
DISCUSSION
The plaintiff contends on appeal that it was error to conclude there is a legitimate government interest in differing calculation of wages for commission employees than for those paid hourly, monthly or annually. Plaintiff argues that the provision is rationally related to a legitimate governmental interest only if prescribing less benefits to a worker on the basis of his specific compensation arrangement rather than his actual earnings is itself determined to be a legitimate government interest. We disagree.
The equal protection provision of the Louisiana Constitution of 1974 does not require absolute equality or precisely equal advantages. McCormick v. Hunt, 328 So.2d 140, 142 (La.1976); Whittington v. Wall, 94-2226 (La.App. 1st Cir. 6/23/95) 657 So.2d 1058. Three types of legislative classifica *16 tions of individuals and the standard of review and the burden of proof applicable to each under Art. I, § 3 of the Louisiana Constitution have been articulated. The three types are (1) statutes which classify persons by race or religion; (2) statutes which classify persons by birth, age, sex, culture, physical condition, or political ideas or affiliations; and (3) statutes which classify persons, but not by one of the above “suspect” classifications, and do not involve a fundamental right. Pierre v. Administrator, Louisiana Office of Employment Security, 553 So.2d 442, 447 (La.1989); Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094, 1107-08 (La.1985) (on rehearing).
The litigants concede that the law in question does not classify individuals by one of the suspect classifications nor does it involve any fundamental right. The burden then becomes plaintiffs to show that the law does not suitably further any appropriate state interest. Sibley, 477 So.2d at 1107-1108. Where no suspect class or fundamental right is involved, the statute is reviewed to determine whether the legislative classification is rationally related to a legitimate state purpose. Pierre, 553 So.2d at 447. The only inquiry to be made here is whether the legislative classification delineating the wage calculation for differing methods of compensation is rationally related to a legitimate state objective or furthers any appropriate state interest.
The equal protection clause does not require a state’s legislature to choose between attacking every aspect of a problem or not attacking the problem at all. It is enough that the state’s action be rationally based and free from invidious discrimination. Whittington v. Wall, supra, citing Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 1162, 25 L.Ed.2d 491 (1970). A state may take one step at a time in addressing phases of problems as long as the line drawn by the state is rationally supportáble. Schwegmann Giant Super Markets v. Edwards, 552 So.2d 1241, 1247 (La.App. 1st Cir.1989), writ denied, cert. denied.
Bazley v. Tortorich, 397 So.2d 475 (La. 1981) stated:
[I]n the area of economics and social welfare, a legislature does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some reasonable basis, it does not offend the constitution simply because the classification is not made with mathematical nicety or because in practice it results in some inequality. Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S.Ct. 337, [340] 55 L.Ed. 369, 377 (1911). “The problems of government are practical ones and|smay justify, if they do not require, rough accommodations illogical, it may be, and unscientific.” Metropolis Theater Co. v. City of Chicago, 228 U.S. 61, 69-70, 33 S.Ct. 441, [443] 57 L.Ed. 730, 734 (1913). “A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.” McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393, 399 (1961); Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).
We do not decide that the legislature’s formulation of the exclusive remedy rule is wise, that it best fulfills the relevant social and economic objectives that Louisiana might ideally espouse, or that a more just and humane system could not be devised. Conflicting claims of morality and intelligence are raised by opponents and proponents of almost every measure, certainly including the one before us. But the difficult economic and social problems presented by workers’ compensation programs cannot properly be resolved by this Court. Cf. Dandridge v. Williams, supra, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491. Our federal and state constitutions may impose certain procedural safeguards upon systems of workmen’s compensation, but they do not empower this Court to second-guess legislators who are charged with the heavy responsibility of regulating the social obligations that exist between the employee, the employer, and the public. 397 So.2d [at] 484-85.
Plaintiff concedes that he, as a member of the allegedly disadvantaged class, has the burden of demonstrating that no legitimate state interest is served by the statutory clas *17 sification of employees into those paid on an hourly basis, on a monthly basis, on an annual basis, and on a unit, piecework or commission basis. He argues, however, that it is not the classification into the various compensation groups that is at issue, but the statute’s disparate methods of calculating the earnings for each group that causes discrimination against him and other members of his group. Specifically, he argues that multiplying the average daily wage for the commission employee by four days per week rather than five days results in his loss of a percentage of income as compensation benefits if he actually worked five days a week in order to generate the income earned during the pertinent period of time.
|6He simply asserts that there is no apparent government interest served by the statutory distinction, arguing that he should be relieved of the burden of showing that no governmental interest is served by the distinction and the state should be required to show what state interest is served by the unequal methods of wage calculations. The trial court correctly rejected this bootstrap argument and found that the plaintiff, in his motion for summary judgment, failed to meet his burden of showing that the statutory provision providing for a different weekly wage calculation for commission employees does not further any legitimate state interest.
The trial court further noted that the LWCC, though not required to do so, presented evidence to show that employees compensated by disparate methods labor under different incentives, as those compensated based on time spent on the job are motivated to work more days or hours, while those compensated on a unit, piecework or commission basis are motivated by productivity factors, and often do not work five days of the week. Some may work fewer days and fewer hours while others may work more. Nevertheless, there is a need for a uniform method by which to calculate the probable average wages such an employee would have earned but for the injury, so as to determine a reasonable amount of compensation benefits to be awarded.
LWCC contends the statutory provision at issue represents a rational formula devised by the legislature to determine the earning capacity of workers paid on the basis of their productivity using a modified version of the standard average weekly wage calculation. The trial court recognized a legitimate state interest in the development of a rational uniform formula to be applied to all such employees without regard to the number of days actually worked by eachLindividual employee (since in many cases the number of days worked during a week is irrelevant and impossible to document).
We agree that the statutory formula provides a reasonable and rational method for meeting the goals of the Louisiana workers’ compensation statute, i.e., insuring basic subsistence to persons paid for their work on a commission basis who are disabled due to work-related injuries. The fact that the classification and the formula applied to the class may result in some inequality to some members of the class does not offend the equal protection provision of the constitution since there is some reasonable basis for the classification. The provision complained of need not be the best way to fulfill the relevant economic objectives of the legislature, or the most just formula which could be devised to solve the problem of calculating the projected average weekly wage of a commission employee. Bazley v. Tortorich, supra at p. 484. It need only be a reasonable and rational way to determine an appropriate amount of compensation benefits to be awarded to such employees, taking into account the differing work incentives and divergent record keeping for unit, piecework or commission employees than for those whose compensation is determined by a particular unit of time. See Bazley, supra.
The trial court’s conclusion that the plaintiff failed to show that the classification and particularized formula provided by La. R.S. 23:1021(10)(d) does not further any legitimate state interest is not clearly or legally wrong.
DECREE
The judgment appealed, at plaintiff’s cost, is
AFFIRMED.