| ¶PEATROSS, J., Pro Tempore.
In this appeal, James R. Townley, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (“the Department”) at Phelps Correctional Center, challenges the trial court’s judgment following remand, dismissing Mr. Townley’s suit with prejudice. For the reasons stated herein, we affirm.

FACTS AND PROCEDURAL BACKGROUND

In 1988, Mr. Townley was convicted of one count of simple burglary in violation of La. R.S. 14:62 and one count of simple criminal damage to property in violation of La. R.S. 14:56. Mr. Townley had previously been convicted on four counts of simple burglary in violation of La. R.S. 14:62 and 14:62.1. As such, he was charged and adjudicated an habitual offender. The trial court sentenced him to serve eight years at hard labor on the charge of simple burglary and two years at hard labor on the charge of simple criminal damage to property, with the sentences to run con *155 currently.[1] The sentences were affirmed on appeal in State v. Townley, 539 So.2d 1284 (La.App. 3rd Cir.1989); see also State v. Townley, 94-1002 (La.App. 3rd Cir.5/3/95), 657 So.2d 129, writ denied, 95-2371 (La.1/26/96), 666 So.2d 669.
In 1992, Mr. Townley filed suit in the Nineteenth Judicial District Court seeking review of an adverse administrative decision of the Department in regard to the denial of diminution of his sentence for good behavior (“good time”). A commissioner for the trial court recommended that Mr. Townley’s suit be dismissed with prejudice, stating that, by operation of law, diminution of sentence is at the discretion of the Department and not the trial court. Mr. Townley | ¡.appealed the trial court’s judgment dismissing his suit in accordance with the commissioner’s recommendation. In an unpublished opinion, a panel of this court affirmed. Townley v. Louisiana Department of Corrections, 93-1276 (La.App. 1st Cir.3/24/94), 636 So.2d 643 (unpublished opinion).
In 1996, Mr. Townley filed a petition in the Nineteenth Judicial District Court styled as a “Petition for Writ of Habeas Corpus.” The Department filed a peremptory exception of res judicata, which the trial court granted. Mr. Townley appealed. In Townley v. Louisiana Department of Public Safety and Corrections, 97-1648 (La.App. 1st Cir.6/29/98), 715 So.2d 150, this court affirmed as to two of the claims asserted by Mr. Townley, but reversed and remanded his claim that La. R.S. 15:571.3(C) violates the equal protection clause of the United States and Louisiana Constitutions. Mr. Townley asserts that La. R.S. 15:571.3(C), the statute controlling the diminution of 'sentence for an inmate’s good behavior, creates an unequal distinction between similarly situated inmates (i.e., those who have been convicted two or more times for the same type of crime) in regard to their ability to earn good time credits. Specifically, Mr. Town-ley, who was sentenced as an habitual offender, cannot earn good time under the statute, while another inmate who may have committed the same crimes as Mr. Townley, but was not sentenced as an habitual offender, woúld earn good time.
On remand to the trial court, the Department filed a peremptory exception of no cause of action in response to Mr. Townley’s claim that La. R.S. 15:571.3(0) is unconstitutional. The trial court referred the matter to Commissioner Rachel P. Morgan for review and recommendation. Following a hearing on October 22, 1998, the commissioner issued a report recommending that the Department’s exception of no cause of action be granted and that Mr. Townley’s constitutional challenge to La. R.S. 15:571.3(0) be dismissed with prejudice. On January 4, 1999, the trial court adopted the recommendation and reasoning of the |scommissioner and dismissed Mr. Townley’s claim. From this judgment, Mr. Townley has lodged this appeal.

DISCUSSION

The sole issue presented by this appeal is Mr. Townley’s contention that La. R.S. 15:571.3(0) violates the constitutional guarantee of equal protection of the law because inmates, who have committed one or more of the enumerated offenses and were sentenced as habitual offenders, cannot receive diminution of sentence for good behavior, while inmates, who have committed the same or more serious offenses and were not sentenced as habitual offenders, do receive diminution of sentence for good behavior.
*156 The heart of Mr. Townley’s complaint is the fact that the district attorney charged him as an habitual offender. In .this regard, we note that the district attorney has the unfettered, statutorily protected, discretion to decide who, when and how to prosecute an accused in his district. La. C.Cr.P. art. 61. The exercise of this discretionary power in the application and enforcement of the provisions of the habitual offender statute has survived constitutional challenge. In State v. Badon, 338 So.2d 665 (La.1976), the supreme court rejected a defendant’s claim that his sentence under the habitual offender statute violated his equal protection and due process rights. Summarily disposing of the defendant’s claim, the supreme court stated:
[Defendant’s] constitutional argument rests on the discretionary power given the District Attorney by which he decides whether or not to invoke the provisions of the habitual offender statute. This argument was explicitly rejected in Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). The United States Supreme Court stated:
Moreover, the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Even though the statistics in this case might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other | ¿arbitrary classification. Therefore grounds supporting a finding of a denial of equal protection were not alleged. Oregon v. Hicks (213 Or. 619, 325 P.2d 794 (1958)); cf. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886) (by implication).
La. R.S. 15:529.1 has also survived challenge on grounds that it violates constitutional provisions regarding separation of powers by giving the district attorney discretion to seek habitual offender status, thereby imposing the corresponding penalties on certain defendants. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Everett, 628 So.2d 148 (La.App. 4th Cir.1993), writ denied, 94-0083 (La.4/7/94), 635 So.2d 1134; State v. Gaynard, 629 So.2d 1240 (La.App. 4th Cir.1993). In addition, the habitual offender statute has been held to be constitutional “in its entirety.” State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672.
In the instant case, there is no question that, but for the discretion afforded the district attorney that allowed him to charge Mr. Townley under the habitual offender statute, Mr. Townley would not be subject to the provisions of La. R.S. 15:571.3(0. Notably, Mr. Townley does not challenge the constitutionality of the district attorney’s discretion, nor do we feel he could successfully do so because of the above cited jurisprudence.
In addressing the substance of Mr. Townley’s constitutional claim, we reject his argument for the same reasons and rationale as set forth in this court’s prior decision in Whittington v. Wall, 94-2226 (La.App. 1st Cir.6/23/95), 657 So.2d 1058, writ denied, 95-1722 (La.6/7/96), 674 So.2d 979. In Whittington, a panel of this court rejected a plaintiffiinmate’s constitutional attack on La. R.S. 15:571.3(0, where he argued that the statute’s unequal treatment of different inmates and/or crimes violated the equal protection clause in the United ^States and Louisiana Constitutions.[2] The plaintiff/inmate argued that the statute includes enumerated “serious crimes,” but fails to include other crimes, thereby creating an unfair distinction be-- *157 tween himself and other inmates who have been convicted of one of the unspecified “serious crimes.” There, as here, the plaintiffy'inmate did not allege that he was a member of a “suspect class” or a violation of a “fundamental right” which would require heightened scrutiny.
In Whittington, we stated:
The award of good time is not a federal constitutional right. Rather, it is a matter of state law, the purpose of which is to encourage discipline. State v. Hallal, 351 So.2d 97, 99 (La.1977); McCormick, 328 So.2d at 143. Additionally, plaintiff has not alleged nor is he a member of a suspect class. McGinnis v. Royster, 410 U.S. 263, 268, 93 S.Ct. 1055, 1059, 35 L.Ed.2d 282 (1973). Therefore, if a rational basis exists for the differentiation as alleged by plaintiff, there is no equal protection violation under the federal constitution, (footnote omitted).
The Louisiana Supreme Court has articulated three types of legislative classifications of individuals and the standard of review and the burden of proof applicable to each under Article I, Section 3 of the Louisiana Constitution. Pierre v. Administrator, Louisiana Office of Employment Security, 553 So.2d 442, 447 (La.1989); Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094, 1107-1108 (La.1985) (on rehearing). In the instant case, the law in question does not classify individuals by race or religious beliefs, nor does it classify persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations. Therefore, plaintiff must show that the law does not suitably further any appropriate state interest. Sibley, 477 So.2d at 1107-1108. Where no suspect class or fundamental right is involved, the standard of review under the Louisiana and United States Constitutions is essentially the same; i.e., the legislative classification must be rationally related to a legitimate state purpose. Pierre, 553 So.2d at 447.
Here, as in Whittington, supra, we conclude that the state has a rational basis for differentiating between offenders charged and adjudicated as habitual offenders and those who are not. In deference to the statutory discretion afforded |Bthe district attorney, the legislature could have reasonably determined that repeat offenders who have committed certain crimes and are sentenced under La. R.S. 15:529.1 are more dangerous to society than other offenders who may have committed the same, similar or more serious crimes, but were not sentenced as habitual offenders. It is beyond reproach that the state has a legitimate interest in providing punishment and deterrence and in preventing the early release of those the criminal justice system treats as serious repeat offenders. Since the distinction in treatment by the criminal justice system, of which Mr. Townley complains, rationally promotes these state interests, we find no merit to his argument that the equal protection clauses of the state and federal constitutions are violated by the application of La. R.S. 15:571.3(C) to his sentence.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to Plaintiff/Appellant, James R. Townley.
AFFIRMED.

. After sentencing, Mr. Townley was housed at the Calcasieu Parish Rehabilitation Center (“CPRC"), which is a minimum security facility. On June 6, 1988, Mr. Townley escaped from CPRC, but was subsequently arrested in Florida on a fugitive warrant and was returned to Calcasieu Parish. A jury found Mr. Townley guilty of simple escape in violation of La. R.S. 14:110, and he was sentenced to five years at hard labor to ran consecutively with any previously imposed sentences.

. Mr. Townley maintains that Whittington is both legally and factually distinguishable from his case. We agree with Commissioner Morgan, however, who opined that Mr. Townley "argues a distinction without a difference.” The facts of the case sub judice and the legal issue are identical to the circumstances presented to this court in Whittington. • Our holding in Whittington, therefore, is controlling.